UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ENRIQUETA A. MOORE | CIVIL ACTION NO. 16-1463 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, THROUGH DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is Defendants State of Louisiana, through the Louisiana Department of Public Safety and Corrections, and Jerry Goodwin's (collectively the "Defendants") "Motion to Dismiss" (Record Document 16) the First Amending and Supplemental Complaint (Record Document 15) of Chastity Guidry, on behalf of Logan Guidry, her minor daughter, and Amy McDonald Nobre, on behalf of Kenneth M. Cotton, III, her minor son, all of whom were substituted as party plaintiffs for the original plaintiff, Enriqueta A. Moore. For the reasons contained in the instant Memorandum Ruling, the Defendants' Motion to Dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Enriqueta A. Moore ("Moore") filed the original petition ("Original Petition") in this matter in the Second Judicial District Court for the Parish of Claiborne on September 14, 2016. See Record Document 1-2. The case was timely removed to this Court on October 20, 2016, on the basis of federal question jurisdiction under 28 U.S.C. §1331. See Record Document 1.

The Original Petition alleged that plaintiff, Moore, was the biological mother of the deceased, Kenneth Cotton ("Cotton"), an offender in the custody of the State of Louisiana, and was the proper party to bring this action for damages pursuant to an action for

1

wrongful death pursuant to La. Civ. Code art.2315, *et seq*, in that she is the wrongful death beneficiary and survival action beneficiary for Cotton. See Record Document 1-2 at 2-3.

The incident which lead to Cotton's death is alleged to have occurred on February 11, 2016. See id. at 3. Cotton is alleged to have died on February 20, 2016. See id. at 4. The remainder of the Original Petition goes on to state the alleged basis for liability of the defendants, all arising from the death of Cotton, who died in the hospital while still in the custody of the State of Louisiana, after being beaten by fellow offender and defendant, Anthony Tellis ("Tellis"). See id. at 3-6. The relief requested is for monetary damages, under Louisiana's wrongful death and survival action statutes, as well as for recovery under 42 U.S.C. §1983, for civil rights violations, including special, general and punitive damages, attorney's fees and costs. See id. at 6-7.

On February 7, 2017, a scheduling conference was held, and a deadline for filing any amendment to the pleadings was set for March 9, 2017. See Record Document 12 at 3. On March 8, 2016, Moore filed an Ex Parte Unopposed Motion for Leave to Supplement and Amend the Original Complaint for the Plaintiff, which was granted by the Court on March 9, 2017. See Record Documents 13 and 14. The First Amending and Supplemental Complaint ("Amended Complaint") was filed the same day. See Record Document 15.

The Amended Complaint removes Moore as plaintiff and replaces her with the natural tutors, or mothers, Chastity Guidry and Amy McDonald Nobre ("Plaintiffs"), of two minor children, Logan Guidry and Kenneth M. Cotton, III (collectively the "Children"), alleged to be Cotton's "biological children." See Record Document 15 at 3. Paragraph Six

of the Amended Complaint states that Plaintiffs, on behalf of the Children, "are substituting the original [p]laintiff, [Moore], as the proper parties to bring this suit." See id. at 4.

Accordingly, the key dates for the consideration as raised by the Original Petition and Amended Complaint are as follows:

    February 11, 2016        The date of the alleged incident
    February 20, 2016        The date Cotton is alleged to have died
    September 14, 2016     The filing of the Original Petition
    March 9, 2017           The filing of the Amended Complaint

Defendants filed the instant Motion to Dismiss on March 21, 2017, and in their memorandum in support, argue the filing of the action by Moore, "who was never a proper party to bring this action, did not interrupt the prescriptive period"; thus, the Plaintiffs' action was filed too late. See Record Document 16-1 at 1. Plaintiffs responded on April 4, 2017, and contend the Amended Complaint should relate back to the date of filing of Moore's Original Petition. See Record Document 18 at 8. Defendants filed a reply in which they asserted Fed. R. Civ. P. 15(c) did not allow for such relation back. See Record Document 19 at 8.

**LAW AND ANALYSIS**

    **I.**    **LEGAL STANDARDS**

        **A. Rule 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the

adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings."[1] Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to

---

[1] "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id. Federal Rules of Evidence rule 201(b) states, "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Additional documents also are considered "part of the pleadings," if plaintiff refers to them in his complaint, and they are central to his claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000) (citations omitted). Plaintiffs have gone outside of their pleadings and attached an exhibit, Exhibit A, to their memorandum in opposition. See Record Document 18-1. Exhibit A contains the personal file of Cotton from David Wade Correctional Center ("DWCC") which shows Cotton had two children. See id. at 3. However, the Court will not take judicial notice of this exhibit because the fact that Cotton had two children is subject to reasonable dispute: the Defendants contend there is no proof that these children are filiated to Cotton. Also, this exhibit was not referenced in the Amended Complaint, so the Court cannot consider these documents to be "part of the pleadings." Therefore, the Court will not consider Exhibit A in its ruling.

survive such a motion. See id. at 678-679, 129 S.Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966.

**II. Analysis**

Because Congress did not establish a statute of limitations applicable to Section 1983 actions, federal district courts must "borrow" state laws of limitations governing analogous state causes of actions. See Board of Regents v. Tomanio, 446 U.S. 478, 483-85, 100 S.Ct. 1790 (1980), citing 42 U.S.C. § 1988 and numerous cases. Specifically, courts must apply the state statute of limitations for personal injury cases. See Wilson v. Garcia, 471 U.S. 261, 276-80, 105 S.Ct. 1938 (1985) (Section "1983 claims are best characterized as personal injury actions"); Gates v. Spinks, 771 F.2d 916, 919 (5th Cir. 1985) ("the state statute governing the general tort remedy for personal injuries should apply to 1983 actions").

In Louisiana, Louisiana Civil Code Article 2315 sets forth the recovery scheme for wrongful death and survival actions in Louisiana. The Code provision does not state the period of limitations for a wrongful death action. Instead, the applicable limitations period, one year from the date of death, is the general one year prescription rule for delictual actions under Civil Code Article 3492. Accordingly, under Louisiana law, one must bring a wrongful death or survival action within one year of the alleged victim's death unless the limitations period is interrupted. See Ayo v. Johns–Manville Sales Corp., 771 F.2d 902, 906 (5th Cir. 1985).

Here, Defendants assert that dismissal is proper because Moore is not the proper party to bring this action, and thus, "the filing of the [Original Petition] … did not interrupt the prescriptive period." Record Document 16-1 at 1. Plaintiffs do not dispute that the one-year prescriptive period applies to their Section 1983 claims. Rather, Plaintiffs suggest that "the Amended Complaint should relate back to the date of filing of Moore's [Original Petition]." Record Document 18 at 8.

"As a threshold matter, any party bringing suit must have standing to do so." Howell v. Hillcorp Energy Co., 2013 WL 1455758, *3 (E.D. La. 2013); see also Pluet v. Frasier, 355 F.3d 381, 383 (5th Cir. 2004) ("Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988") (citations omitted). Under Louisiana Civil Code Articles 2315.1 and 2315.2, the right of a survival or wrongful death action is afforded to four exclusive categories of survivors in those articles. However, the statutes do not allow for all of the classes of survivors to bring actions. The existence of a person qualifying within a higher class prevents a person in a lower class from filing suit. The primary category under both 2315.1 and 2315.2 includes the surviving spouse and/or children of the decedent. Thus, pursuant to Articles 2315.1 and 2315.2, a surviving mother or father may only recover in the event that the decedent was not survived by a spouse or child.

Here, Moore conceded that she was not the proper party to bring this action by filing the Amended Complaint; however, she suggests that substituting the children into this action is proper under Federal Rule of Civil Procedure 15(c), relying almost

6

exclusively on the Louisiana case Giroir v. S. Louisiana Med. Ctr., Div. of Hosps., 475 So.2d 1040 (La. 1985). See Record Document 18 at 4-8. Defendants believe the question of tolling is a federal one; therefore, "the plaintiffs' reliance upon Louisiana jurisprudence in interpreting La. Code Civ. Proc. art. 1153 is irrelevant." Record Document 19 at 5. While there is jurisprudence that supports Defendants' argument, see Pappion v. Dow Chem. Co., 627 F. Supp. 1576, 1580 (W.D. La. 1986) (stating federal courts are not bound by the interpretation of the Louisiana court of its own procedural rule, "[r]ather, we look to the decisions of other federal circuits, and our own analysis, in ruling on the scope of Rule 15(c)"), federal district courts in Louisiana routinely apply the Giroir factors to a Rule 15(c) analysis of relation back. See Herrin v. E. Baton Rouge Sheriff's Office, 2015 WL 4898489, at *6 (M.D. La. 2015), citing Jackson v. Ace American Ins. Co., 2010 WL 451062 (W.D. La. 2010); Zurich American Ins. Co. v. Queens Machinery Co., Ltd., 2005 WL 6074914 (E.D. La. 2005); Mcentee v. State Farm Fire and Cas. Co., 543 F.Supp.2d 554 (E.D. La. 2008); see also Kumasi v. Cochran, 2015 WL 4429192, at *3 (M.D. La. 2015). Out of an abundance of caution, the Court will analyze this matter under Giroir and federal procedural law pursuant to Rule 15(c).

In Giroir, the Louisiana Supreme Court allowed a widower to amend his original complaint, which had included his own wrongful death claim, to add the wrongful death claims of his two major children, even though the applicable one-year prescriptive period for bringing wrongful death claims had expired three days before he sought the amendment. See id. at 1041-42. The court ruled that Louisiana's relation back rule, La. Code Civ. P. art. 1153, allowed the untimely amendment because it sufficiently related back to the husband's timely wrongful death claim. See id. at 1043-44. Specifically, the

Giroir court held that an amendment adding or substituting a plaintiff should be allowed to related back if:

> (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading;
>
> (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff;
>
> (3) the now and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
>
> (4) the defendant will not be prejudiced in preparing and conducting his defense.

See id. at 1043, citing Ray v. Alexandria Mall, 434 So.2d 1083, 1085 (La. 1983). The jurisprudence supporting Giroir and Ray is unequivocal in requiring that all four elements be met. See Delmore v. Hebert, 1999-2061 (La. App. 1 Cir. 9/22/00), 768 So. 2d 251, 253.

### A. Giroir Factors

The Court is satisfied that three of the Giroir factors (1), (3), and (4) are met, and they are not seriously disputed by Defendants. First, the children's claims clearly arise out of the same conduct, transaction, or occurrence as alleged by Moore in her Original Petition. The crux of this lawsuit is the circumstances surrounding Cotton's death while in the custody of the State of Louisiana. Second, substituting Cotton's children in for his mother does not alter the nature of the claims. Indeed, the only difference between the alleged biological children serving as the plaintiffs as compared to Moore lies in the possible damages to be awarded, if the claims are proven. The claims are otherwise identical. The difference between a decedent's mother and a decedent's son suing is relatively inconsequential such that substituting the children in at this stage cannot be

8

said to be wholly new or unrelated. This rationale is heavily connected to the last factor—prejudice to the Defendants in preparing and conducting their defense. The only issue presented by substituting the children in for Moore is the possibility of additional or alternative damages, which should require minimal, if any, additional discovery. With that said, the Plaintiffs must still satisfy the second Giroir factor.

> **i.     Defendants Neither Knew Nor Should Have Known of the Children**

The Court finds (from reading only the pleadings), the Defendants neither knew, nor should have known of the existence of Cotton's children. Plaintiffs argue Defendants should have known of the Children from the facts of the Original Petition. See Record Document 18 at 7. However, after reading the Original Petition, the Court does not agree. The petition clearly states Moore is the "biological mother of the deceased [Cotton] … Moore is the proper party to bring this action…." Record Document 1-2 at 2-3. The petition does not mention Cotton's children nor does it even reference the possibility that he might have children. The Petition in no way could have given "[d]efendants notice of the reasonable possibility that a surviving child of the deceased would be entitled to recover" as the Plaintiffs contend. Record Document 18 at 7. Put simply, there is nothing in the Original Petition that could have given the Defendants notice that Cotton had any children.

Plaintiffs have attempted to introduce Cotton's personal file from DWCC (Exhibit A) to show Defendants' had actual knowledge of Cotton's two children, but as previously explained, in a motion to dismiss pursuant to Rule 12(b)(6), the Court is bound to consider only the complaint and its proper attachments. Therefore, the Court concludes the Defendants neither knew, nor should have known, of the children. Accordingly, under Giroir, the Amended Complaint cannot relate back to the filing of the Original Petition. The

claims asserted by the children in the Amended Complaint filed March 9, 2017, more than one year after Cotton's death, have prescribed.

## B. Federal Law Pursuant to Rule 15(c)

Looking to the decisions of the Fifth Circuit and other federal law, as directed by the court in Pappion, in ruling on the scope of Rule 15(c), the Court comes to the same conclusion as it did under Giroir – the Amended Complaint substituting the new Plaintiffs cannot relate back. Under Fed. R. Civ. P. 15(c)(1)(A-C), there are only three ways an amended pleading shall relate back to the original pleading.[2] They are when:

> A. the law that provides the applicable statute of limitations allows relation back;
>
> B. the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> C. the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Plaintiffs' only argument can be based on Rule 15(c)(1)(C). After reviewing the parties' briefs and the relevant case law, the Court believes Rule 15(c) does not extend to the Amended Complaint.

---

[2] Although Rule 15(c) by its express language addresses changing defendants, the Advisory Committee's Note of 1966 indicates that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."

The Fifth Circuit decision of Williams v. United States, 405 F.2d 234 (5th Cir.1968), although a decision which allowed an amendment adding a new plaintiff, supports the the Court's conclusion. In Williams, a 13-year old boy was injured from the explosion of an Army firecracker, and brought suit against the government. See id. at 235. The boy's mother sought leave to amend the complaint, after the applicable period of limitations had run, to appear as party plaintiff in her own right for recovery for loss of services due to her son's injuries. See id. The mother had been in the lawsuit from its inception as next friend of her minor son. See id. The district court refused to allow the amendment because the mother had filed it after the applicable period of limitations had run. See id. at 235-36. The Fifth Circuit reversed, holding that her claim related back to the date of the original pleading under Rule 15(c), and it was therefore timely.

After first stating, "The doctrine of relation back under Rule 15(c) is liberally applied today in the Federal Courts, especially if no disadvantage will accrue to the opposing party," the court in Williams said that notice is the critical element in Rule 15(c) determinations. See id. at 236. When a late amendment attempts to introduce a new party, not only must the adversary have had notice about the operational facts, "but it must have had fair notice that a legal claim existed in, and was in effect being asserted by, the party belatedly brought in." Id. at 238. The court stated that the defendant in that case had notice not only of the mother's existence, but also had notice that the mother was already involved in the lawsuit. See id. at 239. Thus, because the defendant already had notice both of the mother's existence and her involvement in the action prior to the amendment which added her as a plaintiff, the untimely amendment related back to the

11

date of the original pleading under Rule 15(c). However, if the mother was not already a party in the lawsuit, the result would have been different. The Fifth Circuit noted:

> Notwithstanding this apparent liberality of approach, the rule is generally stated to be that relation back will not apply to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings. *E.g.*, Longbottom v. Swaby, 5 Cir., 1968, 397 F.2d 45. The reasoning apparently is that such an addition amounts to the assertion of a 'new cause of action,' and if an amendment were allowed to relate back in that situation, the purpose of the statute of limitations would be defeated. 3 Moore, Federal Practice P15.15(4.-1), and cases cited therein.

Id. at 237.

Likewise, in Longbottom v. Swaby, 397 F.2d 45, 48 (5th Cir. 1968), cited in Williams, the Fifth Circuit allowed an amendment to change the capacities of current plaintiffs in the lawsuit, but would not have allowed the substitution of wholly new plaintiffs, stating:

> As to identity of parties plaintiff, Rule 15(c) does not apply to an amendment which substitutes a new party or parties. But amendment in the description of the party plaintiff, and relation back, is allowed after limitations have run if what is involved is mere change in the description of the capacity in which plaintiff sues.

Unlike the defendant in Williams, the Defendants in the instant matter had no notice that any claims of the children were in any way involved in the lawsuit before the Amended Complaint.

Plaintiffs only cite one Fifth Circuit case in support of their argument, Williams. However, as explained above, Williams is distinguishable; and, applied to the facts in this case, actually hurts the Plaintiffs' argument. Plaintiffs also cite cases from various federal courts in support, but they are all distinguishable and not persuasive. See Paskuly v. Marshall Field & Co., 494 F.Supp. 687 (N.D. Ill. 1980), aff'd per curiam, 646 F.2d 1210 (7th Cir. 1980), cert. denied, 454 U.S. 863, 102 S.Ct. 321 (1981) (court allowed relation

back where plaintiff sought class action by adding similarly situated females as plaintiffs); Staren v. American Nat. Bank & Trust Co. of Chicago, 529 F.2d 1257 (7th Cir. 1976) (plaintiff, the president of Staren and Company, Inc, was allowed to amend his complaint to substitute the corporation as plaintiff in his place); Unilever (Raw Materials) Ltd. v. M/T Stolt Boel, 77 F.R.D. 384 (S.D. N.Y. 1977) (subsidiary company allowed to substitute its parent company as plaintiff); Metro. Paving Co. v. Int'l Union of Operating Engineers, 439 F.2d 300 (10th Cir. 1971) (amendment allowed to designate the corporations, rather than the joint venture, as party plaintiffs).

According to Fifth Circuit jurisprudence, the untimely Amended Complaint cannot relate back to the date of the Original Petition under Rule 15(c) since the Defendants were not on notice to either the Children's existence or their involvement in the action prior to the amendment which added them as plaintiffs. Therefore, the Children's claims have prescribed.

**CONCLUSION**

Under Louisiana Civil Code Articles 2315.1 and 2315.2, Moore was not the proper party to bring this action. This fact was conceded by Moore when she filed the Amended Complaint. Additionally, Plaintiffs' contention that Fed. R. Civ. P. 15(c) allows the untimely Amended Complaint to relate back to filing of the Original Petition is incorrect. Under Giroir, Plaintiffs are unable to show how Defendants either knew or should have known of the existence of the Children. Furthermore, Plaintiffs cannot show the Defendants were put on notice of both the Children's existence and their involvement in the action by the Original Petition. Therefore, the Amended Complaint filed March 9, 2017, nineteen days after the prescriptive period ended, is untimely. Accordingly, the Defendants' Motion to

Dismiss is **GRANTED** and Plaintiffs' claims, on behalf of the children, are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of February, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT